OPINION
{¶ 1} Appellant, Dale Ramminger, appeals the decision of the Butler County Common Pleas Court, Probate Division, denying his application for family allowance under R.C. 2106.13. We affirm the decision of the trial court.
 {¶ 2} Appellant's wife, Elaine Ramminger ("Mrs. Ramminger"), filed a complaint for legal separation in Butler County Domestic Relations Court. A hearing was held and the domestic relations court rendered its decision, granting the legal separation before Mrs. Ramminger's death in 1999.
 {¶ 3} The decree of legal separation was subsequently filed nunc pro tunc to the time when the legal separation decision was issued. The legal separation decree addressed child custody and child support. The decree ordered appellant to pay spousal support to Mrs. Ramminger for five years.
 {¶ 4} The decree also included several paragraphs providing for the division of property between the parties. The decree permitted appellant to keep his full interest in his retirement account, divided and distributed the marital equity in the marital residence where appellant was living, provided for the division of marital and nonmarital personal property, and ordered that each party keep a vehicle and hold the other harmless on the debt.
 {¶ 5} After Mrs. Ramminger's will was admitted to probate, appellant sought to secure an "allowance for support" or "a family allowance" as surviving spouse through R.C. 2106.13. Appellant's application was opposed by appellee, the estate of Mrs. Ramminger. The probate court ruled that appellant was not entitled to the allowance. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING THAT HE DID NOT HAVE THE STATUS OF A SURVIVING SPOUSE, ENTITLED TO THE STATUTORY ALLOWANCE FOR SUPPORT[.]"
Assignment of Error No. 2
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING THAT IT HAD THE DISCRETION TO DENY HIM A STATUTORY ALLOWANCE FOR SUPPORT[.]"
 {¶ 8} Both assignments of error dispute the probate court's decision to deny appellant's application for support and will be addressed together.
 {¶ 9} We have reviewed the legal separation decree, the decision of the probate court and its stated reasons therefor, the briefs of the parties, and various legal authorities.
 {¶ 10} We overrule appellant's assignments of error because we find that the legal separation between the parties in this case definitively made a full and final determination of the parties' property rights. The legal separation decree awarded the parties their share of the marital property and separated the parties by law for all property rights. Further, the decree of legal separation clearly apportioned the support due to the parties.
 {¶ 11} We note that the domestic relations court did not include a clause in the decree that waived the rights of a surviving spouse. However, we find that such a clause was not required within this legal separation decree, which extensively addressed the property and support rights of the separating parties. We find implicit in the grant of the legal separation in the instant case is the termination of the rights of the surviving spouse at issue here.
 {¶ 12} Accordingly, we find that the trial court did not err in ruling that appellant was not entitled to the statutory allowance. Further, we find that the probate court was not mandated under statute to award the support to appellant because appellant's rights as surviving spouse as to the issues under these specific facts had been terminated. Appellant's assignments of error are overruled.
Judgment affirmed.
YOUNG and WALSH, JJ., concur.